```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

SIGMA DELTA, LLC, ET AL.                     CIVIL ACTION

VERSUS                                       NO: 07-5427

ERIC R. GEORGE, MD, ET AL.                   SECTION: "A" (5)
```

### ORDER AND REASONS

Before the Court is a **Motion to Determine Representation and Privilege (Rec. Doc. 85)** filed by Omega Hospital, LLC ("Omega"). Omega filed the instant motion after plaintiff Scott Sullivan, M.D. questioned Omega's counsel, Christopher Beary ("Beary"), as to whether Beary also represents Dr. Sullivan as a member of Omega's management committee.  Dr. Sullivan also asked to see Beary's entire litigation file pertaining to his representation of Omega in this lawsuit.  Beary declined to produce his file and then filed the instant motion seeking an order 1) recognizing that defendant Eric George, M.D. is authorized to consult with Beary and to direct Beary's services with respect to this litigation, and 2) finding that the plaintiff managers/members of Omega have no right to access any of Beary's privileged

communications and work product regarding this litigation.[1]

## I. Nature of Plaintiffs' Claims

Plaintiffs filed this action seeking redress for acts of conversion, self-dealing, breach of fiduciary duties, illegal acts, and mismanagement.  Plaintiffs also asserted claims for violations of state and federal securities laws in connection with their acquisition of their membership interests of the pertinent business entities.  Plaintiffs' claims are numerous but in essence Plaintiffs claim that defendant Eric George, M.D. acted in concert with defendants Jerry Marty, Deborah Schenck, and Kevin Rodrigue to divert millions of dollars of company funds to themselves.  Omega is one of several defendants named in the lawsuit.  Defendant Eric George, M.D. ("George") is the controlling owner of Beta Gamma, LLC, the majority member of Omega.  Plaintiffs Scott Sullivan, M.D. and Thomas Lavin, M.D. are two of the five members of Omega's management committee.

## II. The Parties' Contentions

Omega argues that George, who is Omega's president and chief executive officer, has the authority to conduct Omega's daily

---

[1] Beary has also asked that the order clarify that he does not represent the plaintiff member/managers in this litigation. Plaintiffs explain in their opposition that they do not contend that Beary represents any of them as their personal counsel. (Doc. No. 92 at 2 n.1).

affairs pursuant to Louisiana law and the LLC's operating agreement.  Thus, according to Omega, George has the authority to consult with Beary regarding this litigation and any other legal matters affecting Omega, directing counsel for the benefit of Omega.  Further, Omega contends that Plaintiffs, who have no mutuality of interest with Omega in this litigation, are not entitled to the benefit of reviewing Beary's file while trying to pursue their claims against Omega.

In opposition, Plaintiffs argue that their only claims *adversarial* to the interests of Omega are their securities claims and that all other claims, including the request for appointment of a temporary receiver, are being brought in a derivative capacity for the benefit of Omega.  Plaintiffs contend that Beary's representation should be limited to defending those claims to which Omega is a true party defendant, <u>i.e.</u>, the securities claims, and asserting only those defenses unique to Omega.  Plaintiffs contend that Beary cannot, in compliance with the Rules of Professional Conduct governing conflicts of interest, assert a position with respect to any of the claims that would be adverse to Omega's interests or that would diminish any potential recovery on the derivative claims.  Plaintiffs want the Court to disqualify Beary from opposing the derivative claims and the request for a temporary receiver.

Further, Plaintiffs argue that they are entitled to Beary's file so that they can fulfill their fiduciary duty to Omega to ensure that Beary is truly representing Omega's interests. Plaintiffs contend that Beary's conduct thus far in the litigation demonstrates that he is partisan counsel, hand-picked by George's counsel to act as an additional arm of George's defense team at the expense of Omega. Plaintiffs assert that Beary has substantial ties to the attorneys representing George.

In reply, Omega contends that its interests are diametrically opposed to that of Plaintiffs even on the derivative aspects of the suit. Omega contends that it would be illogical to force a party involved in a contentious, adversarial legal proceeding to produce its attorney's file to the opposing party. Finally, Omega contends that even if the Court were to find a mutuality of interest between Plaintiffs and Omega, Plaintiffs nevertheless cannot demonstrate good cause to access Omega's counsel's entire file.

**III. Discussion**

In <u>Garner v. Wolfinbarger</u>, 430 F.2d 1093 (5th Cir. 1970), the Fifth Circuit considered for the first time whether a corporation's stockholders have an absolute right to access communications between the corporation and its attorney. In <u>Garner</u>, the plaintiff-stockholders had sued the corporation and

4

its officers for acts taken in conjunction with a recent stock offering.  The plaintiffs' claims included derivative claims against the individual defendants on behalf of the corporation.  During discovery the plaintiffs questioned the corporation's former counsel regarding advice he had given to the corporation in conjunction with the stock offering.  The corporation's current counsel objected arguing that the attorney-client privilege protected those communications from disclosure.

    On interlocutory appeal the Fifth Circuit held that the corporation's privilege was not absolute vis à vis the stockholders.  Garner, 430 F.2d at 1103-04.  Likewise, the stockholders' right to access attorney communications with the corporation was not absolute.  Id.  Rather, when the corporation is in suit against its stockholders on charges of acting inimically to stockholder interests, protection of those interests as well as those of the corporation require that the availability of the privilege be subject to the right of the stockholders to show cause why the privilege should not be invoked in the particular instance.  Id.  A number of factors are pertinent to the good cause determination including the nature of the claims at issue, whether the communications are related to past or prospective actions, and whether the communication is of advice concerning the litigation itself.  Id. at 1104.  The Fifth

5

Circuit premised its refusal to find an absolute privilege in favor of the corporation on the fact that stockholders are the ultimate intended beneficiaries of management decisions including those based on advice of counsel.  <u>Garner</u>, 430 F.2d at 1101.

Subsequently, in <u>In re International Systems & Controls Corporation Securities Litigation</u>, 693 F.2d 1235 (5th Cir. 1982), the Fifth Circuit explained the result in <u>Garner</u> while deciding whether <u>Garner</u>'s principles applied to the corporate attorney's work product.  As in <u>Garner</u>, the shareholder plaintiffs in <u>International Systems</u> had sued the corporation and its principals for fraud while also asserting various derivative claims.  The plaintiff-shareholders sought binders of documents that were compiled prior to the lawsuit and all parties agreed that the binders constituted attorney work product.  On interlocutory appeal the Fifth Circuit held that the <u>Garner</u> rationale did not apply to work product.  <u>Int'l Sys.</u>, 693 F.2d at 1239.  The Fifth Circuit explained that <u>Garner</u> was premised on the "mutuality of interest" between shareholders and management and that this mutuality may exist where the attorney-client privilege is involved.  <u>Id.</u>  However, once there is sufficient anticipation of litigation so as to trigger work product immunity the "mutuality" upon which <u>Garner</u> was premised is destroyed.  <u>Id.</u>  Because work product immunity necessarily implies an adversarial relationship

as opposed to the quasi-fiduciary relationship discussed in Garner, the plaintiff-shareholders had no right to the corporate attorney's work product.  Id.

Neither Garner nor those cases that apply its principles to overcome the privilege, see, e.g., In re Occidental Petroleum Corp., 217 F.3d 293 (5th Cir. 2000), support Plaintiffs' contention that they are entitled to access Beary's files.  Beary was retained after this litigation had ensued.  Beary's role is to represent Omega's interests in this litigation including defending the company against the adversarial claims that Plaintiffs have brought directly against Omega.  Nothing in Garner suggests that plaintiff-shareholders who are actively involved in litigation against the corporation are entitled to access opposing counsel's litigation file.  Rather, Garner and Occidental Petroleum, supra, applied to communications that occurred before litigation had begun.  Moreover, if Garner does not apply to attorney work product because such product is developed in anticipation of litigation, then surely attorney communications which by their very timing can pertain only to this adversarial proceeding are not subject to disclosure under Garner.

The Court recognizes Plaintiffs' contention that certain of their claims are brought solely to benefit Omega and therefore

are not adversarial in nature.  However, the Court is not persuaded that Garner, which again did not address communications pertaining to the active litigation, would apply here to give Plaintiffs access to Beary's files insofar as those files pertain to the non-adversarial claims.  Pretermitting whether it would be practicable to expect Beary to produce those parts of his file that pertain to non-adversarial claims while protecting other communications from disclosure,[2] the Court does not find that Plaintiffs have shown good cause for access to Beary's files, at least at this juncture.  Plaintiffs have legitimate questions regarding the scope of Beary's representation but their desire to oversee his work by regularly perusing his files is  tantamount to a fishing expedition.  In effect Plaintiffs are seeking to have their own counsel review Beary's work and that situation is not only inappropriate in the context of active litigation but is likewise untenable.

That said, although Omega is Beary's sole client in this litigation, business entities act through their officers and someone must oversee Beary's services on behalf of Omega with

---

[2] Omega's reply brief demonstrates the parties do not agree as to the characterizations of certain claims as "non-adversarial."  Moreover, the Court can envision constant discovery battles over whether certain communications pertain solely to non-adversarial claims.

respect to this litigation.  As explained above, Plaintiffs cannot do that notwithstanding that they are members of Omega's management committee.  George must therefore be allowed to consult with Beary and to direct his services with respect to this litigation until such time as a temporary receiver would be appointed, assuming that occurs at all.

Finally, the Court will not parse Plaintiffs' amended complaint in an attempt to identify which claims are arguably non-adversarial to Omega so as to disqualify Beary from those claims.  Beary has one client in this litigation and that client is Omega.  Beary has a fiduciary duty to Omega to protect its interests above those of any individual defendant in this litigation.  Moreover, the Rules of Professional Conduct prohibit Beary from taking a position in this litigation that would be contrary to the interests of Omega.  That said, given that Omega was acting through George and some of the other defendants when committing the acts upon which Plaintiffs are suing Omega, Beary's defense of Omega may at times involve what ostensibly appears to be a defense of certain conduct by the individual defendants.  But again, Beary does not represent George or any of the other defendants--his obligations are solely to Omega as his client and to this Court as an officer of the court.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Determine Representation and Privilege (Rec. Doc. 85)** filed by Omega Hospital, LLC is **GRANTED** as explained above.

December 20, 2007

———————————————————
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE