```
                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA

SIGMA DELTA, LLC, ET AL.                       CIVIL ACTION

VERSUS                                         NO: 07-5427

ERIC R. GEORGE, MD, ET AL.                     SECTION: "A" (5)
```

**ORDER**

Plaintiffs have sued numerous defendants, including the movers Deborah Bellina and the Joseph H. Bellina Living Trust No. 1 (collectively "the Bellina defendants"), alleging *inter alia* securities fraud and unjust enrichment in conjunction with the purchase of Omega Hospital.  Prior to the November 2005 sale, the Bellina trust owned 77.78% of Omega.  Deborah Bellina became trustee of the trust in August 2005 upon the death of her husband. After the sale closed in November 2005 the trust withdrew from Omega.  The Bellina defendants move to dismiss the claims asserted against them pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

Motions to dismiss are viewed with disfavor and are rarely granted. Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570 (5th Cir. 2005) (citing Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000)).  In deciding a motion to dismiss under Rule 12(b)(6), the district court accepts as true those well-pleaded factual allegations in the complaint.  Id. (citing C.C. Port, Ltd. v. Davis-Penn Mortgage Co., 61 F.3d 288, 289 (5th Cir. 1995)).

"Taking the facts alleged in the complaint as true, if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. Id. (quoting C.C. Port, Ltd., 61 F.3d at 289). It must appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Id. (quoting Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995)).

Plaintiffs have sufficiently pled their claims so as to avoid dismissal at this juncture. The relationships between the various parties in this case are no less complex than the claims being asserted. The allegations being made are serious and the Court is not inclined to dismiss claims and parties in a piecemeal fashion at a time when very little discovery has been conducted.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss Plaintiffs' First Amended Complaint (Rec. Doc. 276)** filed by Deborah Bellina and the Joseph H. Bellina Living Trust No. 1 is **DENIED**.

February 6, 2008

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

2