```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

SIGMA DELTA, LLC, ET AL.                    CIVIL ACTION

VERSUS                                      NO: 07-5427

ERIC R. GEORGE, MD, ET AL.                  SECTION: "A" (5)
```

## ORDER AND REASONS

MBC of Louisiana, LLC ("MBC") has filed a **Motion to Dismiss the Bellina Cross Claims Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rec. Doc. 322).** Cross-claimants, Deborah Bellina, the Joseph H. Bellina Living Trust No. 1 ("the Bellina Trust"), the Joseph H. Bellina Family Trust No. 1, the Joseph H. Bellina Marital Trust No. 1, and Physician Management Services of Louisiana, LLC ("PMS") (collectively "the Bellina Claimants") oppose the motion. The motion, set for hearing on February 6, 2008, is before the Court on the briefs without oral argument.

Plaintiffs have sued numerous defendants alleging *inter alia* securities fraud and unjust enrichment in conjunction with the November 2005 sale/restructuring of Omega Hospital. Prior to the sale, the Joseph H. Bellina Living Trust No. 1 owned 77.78% of Omega. Deborah Bellina became trustee of the trust in August 2005 upon the death of her husband. The hospital's billing and collection services were performed by PMS pursuant to a billing agreement between Omega and PMS. PMS was owned and operated 100

percent by the Bellinas.[1]  After the Omega sale closed in November 2005, the Bellinas withdrew entirely from Omega.  As part of the sale PMS sold all of its assets, including its interest in the billing agreement with Omega, to MBC.

In their original complaint Plaintiffs sued MBC as well as Deborah Bellina and the Bellina Trust.  While that claim was pending, the Bellina Claimants filed a crossclaim against several defendants including MBC.  The crossclaims comprise several counts but of relevance here is the Bellina Claimants' contention that they entered into the November 2005 sale based upon "certain understandings and contractual agreements" that are now being challenged, and if those "certain understandings and contractual agreements" are not honored, then they want the transactions rescinded.  Accordingly, the Bellina Claimants' sole claim against MBC is an alternative claim for rescission of the sale that resulted in PMS assigning all of its rights to MBC.  (Rec. Doc. 207 at ¶ 33).

On December 13, 2007, Plaintiffs' First Amended Complaint was filed into the record and Plaintiffs chose not to pursue claims against MBC.  (Rec. Doc. 228).  On January 28, 2008,

---

[1] PMS's ownership was as follows:  Deborah Bellina owned 50 percent, the Bellina Marital Trust owned 45 percent, and the Bellina Trust owned 50 percent.  (Oppo. at 2).

Plaintiffs filed a notice of voluntary dismissal without prejudice as to MBC.  (Rec. Doc. 335).  Thus, MBC is no longer a defendant in the principal action.[2]

MBC moves to dismiss the Bellina Claimants' crossclaims pursuant to Federal Rule of Civil Procedure 12(b)(6).  MBC argues that PMS and the Bellina Family and Marital Trusts ("the Bellina Interests") have not been joined as parties to this lawsuit.  MBC also points out that none of the Bellinas were parties to the contract between PMS and MBC so none of them have standing to bring a crossclaim for rescission.  Finally, MBC argues that the Bellina Claimants' claims should be dismissed because Plaintiffs' First Amended Complaint moots their claims and because MBC is no longer a defendant in the principal demand.

In opposition, the Bellina Claimants argue that PMS, which clearly has standing to move for rescission, was properly joined as a plaintiff pursuant to Rules 13(h) and 19.  The Bellina Claimants  also argue that Plaintiffs' subsequent decision to drop MBC from the principal action does nothing to affect the crossclaim that was asserted *prior to* the dismissal.  Finally, the Bellina Claimants argue that the First Amended Complaint does nothing to moot their crossclaim.

---

[2] MBC is a third-party plaintiff having made claims against the Sher, Garner defendants.  (Rec. Doc. 199).

It is undisputed that MBC was a party to the main demand when the crossclaim was filed. MBC points to no controlling authority to require dismissal of the crossclaim based on Plaintiffs' dismissal of MBC from the main action. Other courts have found that a proper crossclaim is not subject to dismissal simply because the original complaint is dismissed as to the defendant named in the crossclaim. See, e.g., Fairview Park Excav. Co. v. Al Monzo Constr. Co., 560 F.2d 1122 (3d Cir. 1977). The Court is not persuaded that the PMS/Bellina crossclaim against MBC is subject to dismissal simply because Plaintiffs dropped MBC from the lawsuit. Likewise, the Court is not persuaded that the First Amended Complaint mooted the claim for rescission.

It is also undisputed that PMS, which was wholly-owned by the Bellinas, has standing to move for rescission of the agreement with MBC. Deborah Bellina and the Bellina Trust, both defendants in the main demand, relied upon Rule 19 to join PMS as a plaintiff in the crossclaim. Rule 13(h), Counterclaim and Crossclaim, specifically references the joinder of additional parties pursuant to Rule 19. The Court finds that PMS has been properly added as a plaintiff in the crossclaim against MBC. Given that PMS is the proper party to seek rescission, the crossclaim is not subject to dismissal.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss the Bellina Cross Claims Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rec. Doc. 322)** filed by MBC of Louisiana, LLC is **DENIED**.

February 14, 2008

---
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE