```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

SIGMA DELTA, LLC, ET AL.                      CIVIL ACTION

VERSUS                                        NO: 07-5427

ERIC R. GEORGE, MD, ET AL.                    SECTION: "A" (5)
```

**ORDER**

Plaintiffs have sued numerous defendants including the mover Jerry Marty alleging *inter alia* securities fraud and unjust enrichment in conjunction with the purchase/sale of Omega Hospital. Marty began his affiliation with Omega as a consultant in 2001. Marty provided various consulting services, including accounting consulting services. Marty continued to provide services to Omega after the sale via an entity called Omega Management Services, LLC.

Marty moves for dismissal of Counts 1, 2, and 3 of Plaintiffs' First Amended and Restated Complaint ("FARC") arguing that Plaintiffs have failed to meet the heightened pleading requirements for securities fraud claims. In the alternative, Marty asks the Court to order a more definitive statement as to Counts 1, 2, and 3 pursuant to Federal Rule of Civil Procedure

12(e).

Motions to dismiss are viewed with disfavor and are rarely granted. Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570 (5th Cir. 2005) (citing Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000)). In deciding a motion to dismiss under Rule 12(b)(6), the district court accepts as true those well-pleaded factual allegations in the complaint. Id. (citing C.C. Port, Ltd. v. Davis-Penn Mortgage Co., 61 F.3d 288, 289 (5th Cir. 1995)). "Taking the facts alleged in the complaint as true, if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. Id. (quoting C.C. Port, Ltd., 61 F.3d at 289). It must appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Id. (quoting Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995)).

Plaintiffs have sufficiently pled their claims against Marty so as to avoid dismissal at this juncture. Although the individual counts in the FARC are succinctly stated, the first 106 pages of the FARC explain the factual basis of the lawsuit in excruciating detail. The FARC is replete with very specific factual allegations regarding Marty's acts and/or omissions in conjunction with the Omega sale.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss Under Rule 12(b)(6), or Alternatively, for a More Definite Statement (Rec. Doc. 316)** filed by Jerry Marty is **DENIED**.

March 17, 2008

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE