UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SIGMA DELTA, LLC, ET AL.                CIVIL ACTION

VERSUS                                  NO: 07-5427

ERIC R. GEORGE, MD, ET AL.              SECTION: "A" (1)

### ORDER

Before the Court is a **Motion to Dismiss (Rec. Doc. 485)** filed third-party defendant Charles C. Theriot, C.P.A. Defendant/third-party plaintiff Omega Hospital, LLC opposes the motion. The motion, set for hearing on March 19, 2008, is before the Court on the briefs without oral argument.

Omega Hospital, LLC ("Omega") filed a third-party demand against Theriot, a practicing certified public accountant, alleging that he prepared an amended 2005 tax return on behalf of Omega without corporate authority and urged plaintiffs Sullivan and Lavin to file it. Omega contends that it never hired or retained Theriot to prepare the amended return nor did it represent to him that he was being hired on behalf of the entity to complete such a task. Omega contends that Theriot held himself out to the IRS as an agent of Omega notwithstanding the lack of authority to do so. Omega contends that the return is erroneous for numerous reasons.

Theriot moves to dismiss the complaint against him as premature. Theriot points out that Omega did not submit its

claim to a public accountant review panel prior to filing suit as required by the Louisiana Accountancy Act, La. R.S. 37:71, <u>et seq.</u>

In opposition, Omega contends that the complaint against Theriot is not a "claim" for purposes of the Act because Omega did not engage Theriot to render services as a certified public accountant.

Both sides confess that their research revealed no caselaw supportive of their respective positions. Nevertheless, the Court finds Theriot's position to be more persuasive than Omega's.

The Review Panel Part of the Act is broadly written and it is clearly intended to give pre-lawsuit administrative review to a CPA accused of "malpractice." The Act provides in relevant part:

> ***[N]o action*** against a certified public accountant or firm may be commenced in any court before the claimant's request for review has been presented to a public accountant review panel established pursuant to this Part and the panel has issued a written opinion. Compliance with the requirement of this Part is not to be deemed optional.

La. Rev. Stat. Ann. § 37:105 (A) (2007) (emphasis added). Thus, the clear language of section 105 precludes Omega's complaint against Theriot absent compliance with the Act.

Sections 101 and 102 do nothing to curtail the reach of

2

section 105 under these facts.  Section 102 requires that "[a]ll *claims* against certified public accountants or firms . . . shall be reviewed by a public accountant review panel . . . ."  La. Rev. Stat. Ann. § 37:102 (1994) (emphasis added).  Section 101 defines a "claim" as

> [A]ny cause of action against a certified public accountant or firm, regardless of the legal basis of the claim, including but not limited to tort, fraud, breach of contract, or any other legal basis, *arising out of any engagement* to provide professional services, including but not limited to . . . .

La. Rev. Stat. Ann. § 37:101 (A)(1) (1994) (emphasis added).  The claims against Theriot did in fact arise of an engagement to provide professional services albeit not by an engagement by Omega, LLC.  The term "any engagement" supports Theriot's position that the review panel requirement applies even when the engagement was not with the party who eventually files suit.  Omega's contention to the contrary is not consistent with breadth of the statutes that comprise the Act.

In sum, the Court finds that the review panel requirements of the Louisiana Accountancy Act apply under these facts.  The claims against Theriot are therefore premature.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 485)** filed third-party defendant Charles C. Theriot, C.P.A. is

3

**GRANTED**.  The complaint against Theriot is **DISMISSED** without prejudice.

April 10, 2008

---
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE