UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SIGMA DELTA, L.L.C., et al** | **CIVIL ACTION** |
| **VERSUS** | **NO:  07-5427-JCZ-SS** |
| **ERIC GEORGE, M.D., et al** | |

### ORDER

PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (Rec. doc. 623)

   **GRANTED**

SHER GARNER'S MOTION FOR PROTECTIVE ORDER (Rec. doc. 664)

   **GRANTED**

   On March 19, 2008, the parties were ordered to serve lists by March 28, 2008 of the persons to be deposed in the order in which they were to be deposed.  The defendants were to take the deposition of the first person on their list followed by the plaintiffs with the first person on their list.  Thereafter the depositions were to alternate.  The parties were to be available for depositions for each working day from April 17 through May 23, 2008.  Rec. doc. 541.

   The plaintiffs and the defendants served notices of depositions.  The defendants' notice begins with Scott Sullivan on Monday, April 21, 2008.  Rec. doc. 623 (Exhibit 1).  The plaintiffs' notice begins with Kevin Rodrigue on Tuesday, April 22, 2008.  Rec. doc. 623 (Exhibit 2).  Unlike the plaintiffs' notice, the defendants' notice does not set a particular day or session (morning of ___ or afternoon ___) of a particular day for any witness.  Instead it provides that the depositions will proceed consecutively, first with Sullivan, "to completion, followed by plaintiffs' first deponent. . . ."  Rec. doc. 623 (Exhibit 1).  The plaintiffs report that, because of the April 16, 2008 order

requiring the plaintiffs to appear in the courtroom, the parties agreed to postpone the start of the depositions until Thursday, April 24, 2008, with Sullivan's deposition set for that date.

The plaintiffs argue that the defendants' procedure violates Fed. R. Civ. P. 30(b)(1) and will cause undue burden, expense and inconvenience to the parties and witnesses. They request that the defendants set single 7-hour depositions with specific dates for the depositions. Sher Garner supports the plaintiffs' motion for a protective order and filed a similar motion. Rec. docs. 662 and 664. The defendants argue that: (1) it is impossible to know in advance how long a deposition will take; (2) some depositions will take longer than seven hours and other less than seven hours; (3) the plaintiffs' schedule will waste time as some depositions will take less than seven hours and there will be no witness prepared to begin before the end of the day; (4) the parties are required to complete discovery on all issues so the length of a deposition becomes even more problematic; and (5) the only alternative is to take depositions simultaneously.

The plaintiffs' motion will be granted. The defendants' proposal is unworkable. The parties shall adhere to the following in taking the depositions in preparation for the receivership hearing. The arrangements may be altered by agreement of the parties. The undersigned will not entertain a request for relief from the procedures.

1. <u>Deposition notices</u>.

The parties shall re-notice the depositions starting with Thursday, April 24, 2008, in the form employed by the plaintiffs.

2. <u>Length of depositions</u>.

If a deposition is noticed for a full day, it shall be limited to seven hours, exclusive of reasonable breaks. Fed. R. Civ. P. 30(d)(2). The party producing the witness shall not be entitled

to ask any questions. The parties noticing the deposition shall be entitled to question the witness for six hours. Any other parties wishing to question the witness shall divide the remaining hour equally among themselves. To illustrate the procedure, Omega and others will notice the deposition of Sullivan for Thursday, April 24, 2008. The plaintiffs will produce Sullivan on that date. Omega and the other parties noticing Sullivan's deposition shall be permitted to examine him for no more than six hours. If Sher Garner and Bellina want to examine Sullivan, they each have thirty minutes. If another party wants to examine Sullivan, then Sher Garner, Bellina and the other party each has twenty minutes to examine Sullivan. If no party wants to examine Sullivan at the end of the six hour examination, the defendants who noticed the deposition may use the remaining hour.

The parties are encouraged to make the issues related to the receivership hearing the first priority in their examination. If they are not able to examine the witness on all issues relating to the litigation, they shall have to apply to the court for further examination time after the receivership hearing.

If a party wants to notice two depositions for the same day, it may do so. The time for each such deposition shall be reduced to three and a half hours.

3.  <u>Instructions to witnesses</u>.

At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions, or explanations of any words, questions, or documents presented during the course of the deposition. The witness shall abide by these instructions.

4.  <u>Objections</u>.

The parties shall adhere to Fed. R. Civ. P. 30(d)(1), which provides that:

> Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4).

Id. (Emphasis added). Counsel should make objections continuing so as not to interrupt after each question posed. The parties may not ask any question which requires a medical doctor or other witness to respond with information about a particular patient.

5. Exhibits.

Deposing counsel shall provide to the witness's counsel a copy of all documents to be shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and the witness's counsel do not have the right to discuss documents privately before the witness answers questions about them.

6. Arguments of counsel.

No counsel shall make statements or arguments for the record. Counsel shall confine themselves to questions to the witnesses, and other counsel shall confine themselves to objections that comply with Fed. R. Civ. P. 30(d)(1).

7. Conferences during breaks.

Generally breaks shall be limited to one in the morning, a lunch break, and one in the afternoon. During such breaks counsel may confer with a witness. At the conclusion of the breaks, deposing counsel may not inquire into what was discussed between the witness and his counsel during the break. Counsel may not inquire into what a witness did in preparation for the deposition other than to determine what documents the witness reviewed in preparation for the deposition. If

a witness is shown a document by his counsel during a break, deposing counsel may determine what documents were shown to him during the break.

8.  Calls to the court.

The depositions shall not be interrupted with calls to the court to referee matters arising in the deposition. If a party is not complying with Rule 30(d)(1) or any other provision of this order, a motion shall be filed as soon as possible after the conclusion of the deposition. If the transcript is required, the motion shall be accompanied by the appropriate part of the transcript. The moving party shall be responsible for the cost of obtaining the necessary portion on an expedited basis. The parties may e-mail a copy of the motion and any response to mike_okeefe@laed.uscourts.gov.

If the court agrees that a party violated Rule 30(d)(1), monetary sanctions will be assessed and other sanctions may be imposed. **Repeated violations of Rule 30(d)(1) and this order will result in escalating sanctions**.

IT IS ORDERED that the motions of the plaintiffs and Sher Garner for protective orders (Rec. doc. 632 and 664) are GRANTED in accord with the terms of this order.

New Orleans, Louisiana, this 18th day of April, 2008.

                                                  **SALLY SHUSHAN**
                                     **United States Magistrate Judge**