UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SIGMA DELTA, L.L.C., et al** | **CIVIL ACTION** |
| **VERSUS** | **NO:  07-5427-JCZ-SS** |
| **ERIC GEORGE, M.D., et al** | |

### ORDER

BETA GAMMA'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFFS (Rec. doc. 629)

**GRANTED IN PART AND DENIED IN PART**

The defendant, Beta Gamma, LLC ("Beta Gamma"), seeks relief against the plaintiffs regarding four groups of discovery requests in its first set of requests for production.

On April 11, 2008, the plaintiffs' motion for protective order to quash or limit subpoena duces tecum to multiple witnesses was granted in part.  For example, the subpoena duces tecum to Charles Theriot was quashed.  Rec. doc. 632.  To the extent Beta Gamma seeks any discovery from the plaintiffs in its first set of requests for production which was denied to it in the April 11, 2008 order, the plaintiffs are not required to produce the information in response to this order.

I.  Plaintiffs' contracts and communications with Omega companies.

Request for production nos. 1 and 2.

The request seeks all documents the plaintiffs received from or sent to any person concerning the Omega defendants, including any income tax treatment of or liability for them; the operations or transactions involving any of them; any actual or potential investment in them; any of the

unsworn declarations prepared by plaintiffs; or any tax returns prepared for the Omega defendants. The plaintiffs' objection is overruled. To the extent these documents were not produced as part of the plaintiffs' initial disclosures or in a later production, they shall be produced.

Request for production no. 5.

The request seeks all documents that reflect any oral communications with any person concerning the Omega defendants, including any income tax treatment of or liability for them; the operations or transactions involving any of them; any actual or potential investment therein; any of the unsworn declarations prepared by plaintiffs, or any tax returns prepared for the Omega defendants. The plaintiffs' objection is overruled. To the extent these documents were not produced as part of the plaintiffs' initial disclosures or in a later production, they shall be produced.

Request for production no. 7.

The request seeks all documents that relate to any contract with any person concerning the Omega defendants, including transactions involving the Omega defendants; any actual or potential investment in them; or any of the unsworn declarations prepared by plaintiffs. The plaintiffs' objection is overruled. To the extent these documents were not produced as part of the plaintiffs' initial disclosures or in a later production, they shall be produced.

Request for production no. 8.

The request seeks the plaintiffs' entire file in connection with the operation of or transactions involving the Omega defendants, including any actual or potential investment in them; any of the unsworn declarations prepared by plaintiffs; or any tax returns prepared for the Omega defendants. The plaintiffs' objection is overruled. To the extent these documents were not produced as part of

the plaintiffs' initial disclosures or in a later production, they shall be produced.

II.     2005 amended tax return documents.

Request for production no. 3.

The request seeks the documents relating to any authority plaintiffs assert to prepare any tax return on behalf of the Omega defendants. The plaintiffs' response is sufficient. No further response is required.

Request for production no. 4.

The request seeks the documents plaintiffs prepared for any reason concerning the Omega defendants, including any income tax liability for the Omega defendants; any income tax returns prepared by plaintiffs; the operations of or transactions involving any of Omega defendants; any actual or potential investment in them; or any unsworn declarations prepared in connection with the case. Subject to the April 11, 2008 order, the plaintiffs' objections are overruled. To the extent these documents were not produced as part of the plaintiffs' initial disclosures or in a later production, they shall be produced.

Request for production no. 6.

The request seeks the documents that relate to any analysis or computation plaintiffs performed concerning the Omega defendants, including the operations of or transactions involving the Omega defendants; any actual or potential investment in them, or any unsworn declaration prepared by plaintiffs. Subject to the April 11, 2008 order, the plaintiffs' objections are overruled. To the extent these documents were not produced as part of the plaintiffs' initial disclosures or in a later production, they shall be produced.

III.     Plaintiffs' investment sophistication.

Beta Gamma seeks documents for the period from January 1, 1995 through the date of production. This is too broad. Any request for documents relating to the plaintiffs' investment sophistication shall be limited to the period from January 1, 1995 through the date of the purchase of their interests in Omega (the "Relevant Time Period"). Otherwise, the objection is overruled.

Request no 9.

The plaintiffs shall produce their federal income tax returns for the Relevant Time Period.

Request for production no. 15.

The plaintiffs shall produce any financial statements provided to any lender, investor or any financial institution during the Relevant Time Period.

Request for production nos. 10 and 18.

The plaintiffs shall produce documents relating to any investment by them in any entity that they purchased or owned during the Relevant Time Period.

Request for production no. 14.

The plaintiffs shall produce documents that relate to any securities plaintiffs' owned during the Relevant Time Period.

Request for production nos. 16 and 17.

The plaintiffs shall produce documents relating to a hospital on St. Charles Avenue that plaintiffs own or operate or plan to own or operate.

Request for production nos. 19 and 20.

The plaintiffs shall produce documents relating to any purchase, sale or lease of immovable property or movable property with a value in excess of $100,000.

IV. <u>Management of other LLCs in which plaintiffs are members or managers</u>.

<u>Request for production no. 11.</u>

The request seek documents that relate to any notice, agenda, or minutes of the meetings of any LLC (other than the Omega defendants) in which the plaintiffs own any interest. The plaintiffs' objection is sustained.

<u>Request for production no. 12</u>.

The request seeks documents that relate to any written consents in lieu of any meeting of the members of any LLC (other than the Omega defendants) in which plaintiffs own any interest. The plaintiffs' objection is sustained.

<u>Request for production no. 13.</u>

The request seeks copies of any articles of organization, operating agreement or by-laws for any LLC (other than the Omega defendants) in which the plaintiffs own any interest. The plaintiffs' objection is sustained.

V. <u>Sanctions</u>.

Beta Gamma's request for sanctions is denied.

IT IS ORDERED as follows:

1. Beta Gamma's motion to compel (Rec. doc. 629) is GRANTED in PART and DENIED in PART; and (2) within ten (10) working days of the entry of this order, the plaintiffs shall produce the documents as provided in this order.

2. The parties shall submit a confidentiality order for the Group III information by **Monday, April 28, 2008.** If they cannot agree, they shall submit separate orders by **Wednesday, April 30, 2008**. The court will sign the order which most nearly meets the needs of the litigation.

New Orleans, Louisiana, this 22nd day of April, 2008.

**SALLY SHUSHAN**
**United States Magistrate Judge**